UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOE HAND PROMOTIONS, INC.,
as Broadcast Licensee of the May 7, 2005
Castillo/Corrales Program,

                      Plaintiff,                REPORT & RECOMMENDATION

                -against-                06-CV-2940 (CBA) (RER)

ARELIS A. LIRIANO, Individually and d/b/a EL
NUEVO PUERTO PLATA #2 REST. a/k/a EL
NUEVO PUERTO PLATA, and EL NUEVO
PUERTO PLATA #2 REST. a/k/a EL NUEVO
PUERTA PLATA,

                      Defendants.
-------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

        Plaintiff Joe Hand Promotions ("plaintiff" or "Joe Hand Promotions") brought this action against Arelis A. Liriano, individually, and El Nuevo Puerto Plata #2 Restaurant ("defendants" or "El Nuevo Restaurant") alleging that defendants willfully violated the Federal Communications Act of 1934 codified at 47 U.S.C. §§ 553, 605 by exhibiting the May 7, 2005 Castillo/Corrales Boxing Program (the "Event") in its commercial establishment for direct financial gain without authorization from plaintiff. Plaintiff has moved for summary judgment, alleging that there is no genuine issue of material fact based on defendants' nonresponse to plaintiff's request for admissions. The Honorable Carol B. Amon referred this matter to me for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(3). For the reasons set forth below, I respectfully recommend that plaintiff's motion for summary judgment be granted.

Background

Plaintiff is in the business of buying the rights to sell sub-licenses for closed circuit broadcasts. Plaintiff's Affidavit in Support of Motion for Summary Judgment ¶ 12 ("Pl. Aff."), Ex. A. Plaintiff holds the exclusive rights to distribute the Castillo/Corrales Event to commercial establishments, which was available as a Pay-Per-View event in the State of New York. Pl. Aff. ¶ 3; Complaint ¶ 15 ("Compl."). The Event was available for the fee of $500 for commercial establishments with a viewing capacity of 1-100 people. Pl. Aff., Ex. B.

Prior to the Event, plaintiff discovered that its commercial sales had decreased, and suspected the trend could be attributed to signal piracy. Pl. Aff. ¶¶ 4, 12. Plaintiff hired an independent auditor, Joseph Descovich ("Descovich"), to identify establishments that unlawfully exhibited the Event to the public. Pl. Aff. ¶¶ 6-7.

To ensure that the auditor only visited establishments that were not authorized to broadcast the Event, plaintiff gave Descovich a list of the establishments that had paid the required fee to Joe Hand Promotions. Pl. Aff. ¶ 8. El Nuevo Restaurant was not on the list. *Id*; Statement of Facts Pursuant to Local Rule 56.1 ("Def.'s 56.1 Stmt"), at I . On May 7, 2005, at approximately 11:16 p.m., Descovich visited El Nuevo Restaurant and observed approximately 30 patrons in the restaurant, which had an estimated capacity of 45. Pl. Aff. ¶ 10, Ex. D. While there, Descovich observed the Event being displayed on three separate televisions. *Id.*

According to plaintiff, given that El Nuevo Restaurant did not pay the requisite fee, it could only have exhibited the Event illegally by: 1) the use of a "blackbox" which allows for the illegal descrambling of a Pay-Per-View broadcast; 2) the purposeful misrepresentation of a commercial establishment as a residence, allowing for the purchase of the broadcast between the

2

sum of $25 and $50; or 3) the use of an illegal cable drop or splice from an apartment from an adjacent home that would purchase the broadcast at the residential price and divert the signal to the commercial establishment. *Id*. at ¶ 14.

Plaintiff filed the complaint on June 14, 2006, alleging that defendants willfully violated 47 U.S.C. §§ 533 and 605 by showing the Event in a commercial establishment for direct commercial gain without obtaining plaintiff's authorization. Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment ("Pl. Memo"), at 2 . Defendants signed a waiver of service on June 22, 2006, and filed a pro se answer on August 21, 2006. *Id.* On September 20, 2006, defense counsel, Owen Chambers, appeared on behalf of the defendants in a preliminary conference, and agreed to a discovery schedule. *Id.* All discovery was to be completed by December 20, 2006. *Id.* At said conference, plaintiff served defendants with discovery demands, including a request for admissions. Def.'s 56.1 Stmt at A. The first page of the request for admissions stated, in bold and underlined type, "If you fail to respond within 30 days from the date hereof, you waive objection to the Requests, and plaintiff will request the Court to deem such matters admitted." Request for Admissions at 2. ("Req. for Admiss."). Defendants did not respond within the 30 day time limit, and on December 4, 2006, plaintiff mailed and faxed defendants a letter requesting that defendants comply with the discovery demands. Def.'s 56.1 Stmt at B, C. Defendants did not reply to the letter, nor have they served any discovery requests upon plaintiff. Def.'s 56.1 Stmt at D; Pl. Memo at 3.

Plaintiff's request for admissions included allegations that El Nuevo Restaurant: 1) was open for business on May 7, 2005; 2) had the capability of receiving satellite and/or cable broadcasts on May 7, 2005; 3) exhibited a portion or all of the broadcast of the Event and/or its

3

undercard programs; 4) was not authorized by plaintiff or any other entity to exhibit the Event and/or its undercard programs; 5) was a commercial establishment, not a residential dwelling, on May 7, 2005; 6) knowingly and willingly intercepted and exhibited the Event and/or its undercard programs. Def.'s 56.1 Stmt at F-K. The request for admissions also alleged that Liriano: 1) had supervisory capacity and control over El Nuevo Restaurant; and 2) received direct financial benefit from the exhibition of the Event at El Nuevo Restaurant on May 7, 2005. *Id.* at L-M.

## Discussion

A.  Summary Judgment Standard

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Am. Int'l Group, Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 351 (2d Cir. 1981). In addition, the court must resolve all ambiguities and draw all reasonable inferences in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If, however, the opposing party fails to make a showing of an essential element of its case for which it bears the burden of proof, summary judgment will be granted. *Celotex*, 477 U.S. at 323; *Smith v. Half Hollow Hill Cent. Sch. Dist.*, 349 F. Supp. 2d 521, 524 (E.D.N.Y. 2004).

To overcome a motion for summary judgment, the opposing party must show that there is an issue of material fact that is in dispute. That is, the disputed fact must be one which "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 242. If the

opposing party does not set forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. FED. R. CIV. P. 56©.

B.	Admission of Facts Based on Nonresponse to the Request for Admissions

A party may serve another party with a request for admissions of the truth of the facts stated within the request, or the application of law to the facts of the pending action. FED. R. CIV. P. 36(a). The statements in the request for admissions are deemed admitted unless they are responded r objected to within 30 days. FED. R. CIV. P. 36(a). Any statement of fact admitted is conclusively established unless the court permits withdrawal or an amendment. FED. R. CIV. P. 36(b). It is well settled that a failure to respond to a request for admissions will result in summary judgment if the facts deemed admitted are dispositive. *Id; see also Sea-Land Service Inc. v. Citihope International, Inc.,* 176 F.R.D. 118, 122 (S.D.N.Y. 1997).[1] Here, plaintiff's properly served request for admissions was not responded to, nor have defendants requested permission to submit an untimely response. Therefore, the matters in the request should be considered conclusively established pursuant to Federal Rule of Civil Procedure 36(a).

C.	Plaintiff is Entitled to Summary Judgment

Once the matters in the request for admissions are deemed conclusively established, no genuine issue of material fact remains, and plaintiff is entitled to judgment as a matter of law. Plaintiff alleges that defendants violated § 605(a) of the Federal Communications Act. Section

---

[1] Courts are not required, however, to grant summary judgment based on a party's nonresponse to a request for admissions. *Mooseman v. Joseph P. Blitz Inc.,* 358 F.2d 686, 688 (2d Cir. 1966). Under compelling circumstances, a court may allow an untimely response. *Id; Garden City Boxing Club, Inc. v. Rice.*, No. 04 Civ. 3100, 2005 WL 613249, at *1 (Mar. 14, 2005) (plaintiff's motion for summary judgment denied when defendants alleged they had filed a timely reply, which the Court did not receive, and subsequently filed for an extension pursuant to 36(b)).

605(a) provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communication to any person." 47 U.S.C. § 605(a). Section 605(a) has been held to apply to the interception of cable communications originating as a satellite or radio transmission.[2] *See Int'l Cablevision, Inc. v. Sykes,* 75 F.3d 123 (2d Cir. 1995), *cert denied,* 519 U.S. 929 (1996).

The statements in the request establish that: 1) plaintiff did not authorize defendants to intercept and/or exhibit the Event; 2) El Nuevo Restaurant was a commercial establishment and that it knowingly and willingly intercepted and exhibited the Event; 3) Liriano had supervisory capacity over El Nuevo Restaurant; and, 4) defendants received a direct financial benefit from displaying the Event. These admissions demonstrate that defendants violated § 605(a). *See* 47 U.S.C. § 605(a).[3] Even if all factual inferences are drawn in defendants' favor, the admitted facts show that the defendants unquestionably violated § 605(a). *See* FED. R. CIV. P. 56. Furthermore, plaintiff's motion for summary judgment does not rely solely on the evidence admitted by means

---

[2] Though the plaintiff made claims under 47 U.S.C. §§ 553 and 605, it is well established that claimants who establish liability under both sections can only recover under one section. *See Am. Cablevision of Queens v. McGinn,* 817 F. Supp. 317, 320 (E.D.N.Y. 1993). Plaintiff, therefore, elects to recover damages under § 605(a). Pl. Memo at 7.

[3] *See, e.g., Kingvision Pay-Per -View, Ltd. V. Tardes Calenas Restaurant*, No. 04-CV-3624 (CBA) (MDG), 2005 WL 4850311, *3 (E.D.N.Y. Nov. 29, 2005) ("Here, defendant's alleged conduct-the unauthorized interception, receipt, and broadcast of the Event derived from satellite communications-violates this statute."). To establish Liriano's vicarious liability, plaintiff "must show that . . . [Liriano] had a 'right and ability to supervise' the infringing activities and had an obvious and direct financial interest in the exploitation of [the] copyrighted materials." *See Kingvision Pay-Per-View Ltd. v. Olivares*, No. 02 Civ. 6588, 2004 WL 744226, at *5 (S.D.N.Y. Apr. 5, 2004) (quoting *Softel Inc. v. Dragon Med. & Sci. Communications*, 118 F.3d 955, 971 (2d Cir. 1997)). The admissions conclusively establish these facts.

of the nonresponse to the request for admissions; the independent auditor's affidavit confirms that the defendants exhibited the Event unlawfully in a commercial establishment.

Defendants have not set forth any specific facts to show that there may be a genuine issue of material fact that would affect the outcome of the instant case. *See Anderson*, 477 U.S. at 242. Therefore, summary judgment should be granted based on defendants nonresponse to plaintiff's request for admissions.

## Conclusion

Plaintiff has met its burden of coming forth with facts sufficient to demonstrate that there are no genuine issues of material fact in dispute, and therefore summary judgment is appropriate. Accordingly, I respectfully recommend that plaintiff's motion for summary judgment be granted. Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the chambers of the Honorable Carol B. Amon within ten business days of receiving this Report and Recommendation - <u>by March 1, 2007</u>. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Dated: Brooklyn, New York
      February 15, 2007

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**