UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOE HAND PROMOTIONS, INC.**,**
as Broadcast Licensee of the May 7, 2005
Castillo/Corrales Program,

                Plaintiff,                 REPORT & RECOMMENDATION

        -against-                         06-CV-2940 (CBA) (RER)

ARELIS A. LIRIANO, Individually and d/b/a EL
NUEVO PUERTO PLATA #2 REST. a/k/a EL
NUEVO PUERTO PLATA, and EL NUEVO
PUERTO PLATA #2 REST. a/k/a EL NUEVO
PUERTA PLATA,

                Defendants.
---------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       On April 4, 2007, the Honorable Carol B. Amon referred this matter to me for a report and recommendation on the issue of damages. Previously, on March 7, 2007, Judge Amon adopted in full a report in which I recommended that plaintiff Joe Hand Promotions' ("plaintiff" or "Joe Hand") motion for summary judgment on liability be granted. Docket Entry 17. For the reasons set forth below, I respectfully recommend that judgment be entered in the amount of $3,350 jointly and severally against defendants Arelis A. Liriano and El Nuevo Puerto Plata #2 Restaurant.

<u>Discussion</u>[1]

       A claimant who has established liability under the Federal Communications Act of 1934, 47 U.S.C. § 605(a) may elect to recover either actual damages plus the defendant's profits, if

---

[1] For a discussion of the factual background of this case, I respectfully refer the reader to the report and recommendation on plaintiff's summary judgment motion.

any, or an amount in a statutorily-defined range. 47 U.S.C. § 605(e)(3)(C)(I). Joe Hand has elected the latter. Memorandum of Law in Support of Damages ("Pl's Br.") at 2. The statutory range for such damages is $1,000 to $10,000 per violation. 47 U.S.C. § 605(e). The statute commits to the court's discretion the determination of the specific amount within that range to be awarded. *See id.*; *Entertainment by J&J, Inc. v. Mama Zee Restaurant & Catering Services, Inc.,* No. 01-CV-3945, 2002 WL 2022522, at *3 (E.D.N.Y. May 21, 2002). In addition, where a violation was "willful" and "for purposes of direct or indirect commercial advantage or private financial gain," the court can award up to an additional $100,000 in enhanced damages for each violation of § 605(a).

I.      Statutory Damages

In determining the proper amount of statutory damages, a court may consider such factors as "the pecuniary loss sustained by the victim as a result of the offense, the financial resources of the defendant, . . . the financial needs and earning ability of the defendant . . . as well as the burden that a damage award would impose on the defendant relative to the burden alternative relief would impose." *Cablevision Sys. Corp. v. De Palma*, No. 87-CV-3528, 1989 WL 8165, at *6 (E.D.N.Y. Jan. 17, 1989) (quoting *Cablevision Sys. Dev. Co. v. Cohen*, No. 84-CV-1155, slip. op. at 4-5 (E.D.N.Y. May 20, 1988)).

Some courts have awarded flat amounts. *See Home Box Office v. Champs of New Haven*, 837 F. Supp. 480, 484 (D. Conn. 1993) (awarding $10,000 in statutory damages); *Kingvision Pay-Per-View Ltd. v. Brito*, No. 05 Civ. 1042, 2006 WL 728408, at *2 (S.D.N.Y. Mar. 20, 2006) (awarding $5,000 in statutory damages); *Kingvision Pay-Per-View, Ltd. v. Ruiz*, No. 04 Civ. 6566, 2005 WL589403, at *2-3 (S.D.N.Y. Mar. 9, 2005) (awarding $5,000 in statutory

damages). Other courts have assessed damages by multiplying the number of patrons who viewed the event by the amount an individual would pay to view the program at home on a pay-per-view channel. *See Time Warner Cable of New York City v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997) (awarding statutory damages of $50 per patron); *Cablevision Systems Corp. v. 45 Midland Enterprises*, 858 F. Supp. 42, 45 (S.D.N.Y. 1994) (same). Plaintiff urges that the latter method be utilized, which would result in an award of about $1,684.50. I find that such an award is too low, and recommend that plaintiff be awarded $3,000 in statutory damages. This amount takes into account the likely pecuniary loss of plaintiff ($500 based on the "rate card" submitted by plaintiff), and the likely financial resources, needs, and earning ability of the defendant, as well as the burden that a greater damage award would impose on the defendant. This amount is in line with other statutory damage awards I have recommended and other courts have awarded in similar cases.

II.     Enhanced Damages

Joe Hand also seeks enhanced damages of $100,000 on the ground that the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii); Pl's Br. at 4-5. While the grant of summary judgment on liability establishes the willful nature of defendants' actions and that they were committed for the purpose of direct or indirect commercial advantage, I nevertheless recommend that an award of enhanced damages be denied. The award of enhanced damages is a discretionary matter. 47 U.S.C. §605(e)(3)(C)(ii). Enhanced damages are inappropriate here as the appropriate award of "unenhanced" damages is well below the $10,000 statutory maximum. *Kingvision Pay-Per-View, Ltd. v. Espinosa*, No. 05 Civ. 10178, 2007 WL 625362, at * 3 n. 4

3

(S.D.N.Y. Feb. 28, 2007) (declining to award enhanced damages because "unenhanced" statutory damage award was below the $10,000 maximum). The $3,000 unenhanced statutory damage award will sufficiently punish defendants and deter them, and others, from engaging in such conduct in the future, as well as adequately compensate plaintiff for any lost profits.

III.   Attorneys' Fees and Costs

The FCA mandates the award of reasonable attorneys' fees and costs to a prevailing party. *See* 47 U.S.C. § 605(e)(3)(B)(iii). A request for attorneys' fees must be supported by "contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" *DirectTV v. Meinecke*, No. 03 Civ. 3731 (JGK) (GWG), 2004 WL 1535578, at *4. (S.D.N.Y. July 9, 2004) (citing *New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983)). Joe Hand has not submitted an affidavit from counsel setting forth the hours expended and rates charged. Accordingly, Joe Hand should not be awarded attorneys' fees.

Joe Hand should, however, be awarded $350 in costs for bringing this action. *See J&J Sports Productions, Inc. v. Louisias*, No. 06-CV-339 (ERK) (RER), 2006 WL 1662608, at *6 (E.D.N.Y. May 16, 2006).

## Recommendation

For the reasons set forth above, I respectfully recommend that the Court award plaintiff Joe Hand damages jointly and severally against defendants Arelis A. Liriano and El Nuevo Puerto Plata #2 Restaurant in the amount of $3,350, which includes $3,000 in statutory damages and $350 in costs. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Carol B. Amon within ten business days of receipt

hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendants by July 2, 2007 at their last known addresses, and to file proof of service with the Clerk of the Court.

Dated: Brooklyn, New York
June 27, 2007

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.
United States Magistrate Judge**